UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT PAUL HAILEY,<br><br>               Plaintiff,<br><br>   v.<br><br>BRETT CHRISTIAN HARRISON, *et al.*,<br><br>               Defendant. | Case No. 2:24-cv-01006-FLA (PVCx)<br><br>**ORDER TO SHOW CAUSE REGARDING SUFFICIENCY OF SERVICE OF FIRST AMENDED COMPLAINT** |

1

**ORDER TO SHOW CAUSE**

On September 12, 2024, Plaintiff Everett Paul Hailey ("Plaintiff") filed a First Amended Complaint ("FAC"), asserting claims against Defendant Brett Christian Harrison ("Defendant"), who is allegedly a resident and citizen of Ventura County, California. Dkt. 18 ¶ 5. Plaintiff filed Proof of Service of the FAC ("Proof of Service") on Defendant on November 25, 2024.[1] Dkt. 20.

When individuals to be served are located within a judicial district of the United States, they may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) ("Rule 4(e)"). Rule 4(e)(2) does not authorize service by mail. *See Ingram v. S.F. Police Dept.*, Case No. 4:13-cv-00224-CW, 2013 WL 1701754, at *2 (N.D. Cal. Apr. 18, 2013).

Here, the Proof of Service states Defendant was served by United States Mail through "Chase S. – Manager – Person Authorized to Accept," at 7349 N Via Paseo del Sur Ste 515-188, Scottsdale, AZ 85258-3765. Dkt. 20 at 1–2. Because Plaintiff did not submit a declaration or other evidence to support his contention that Chase S.

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

was authorized to accept service of process for Defendant, the court is unable to conclude Defendant was served properly with the summons and the operative FAC. Nor does Plaintiff's submitted declarations—in connection with the Proof of Service of the Complaint (Dkt. 10), the Proof of Service of the FAC (Dkt. 19), the Application for Clerk's Entry of Default (Dkt. 22-1), and the Motion for Default Judgment (Dkts. 24-2, 24-3)—establish that Defendant was served properly.[2]

Accordingly, Plaintiff is ORDERED to SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why the court should not vacate the Entry of Default (Dkt. 23) for failure to complete proper service of process. Plaintiff is encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order. Responses shall be limited to ten (10) pages in length. Plaintiff's failure to respond timely and adequately to this Order shall result in the court vacating the Entry of Default and denying without prejudice Plaintiff's Motion for Default Judgment (Dkt. 24), without further notice from the court.

IT IS SO ORDERED.

Dated: July 9, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[2] To the extent Plaintiff contends Defendant was properly served pursuant to state law, *see* Dkt. 9 at 1 (citing Cal. Bus. & Prof. Code § 17538.5), Plaintiff does not cite any legal authority to establish that this statute applies to a commercial mail receiving agency located outside of California. Plaintiff, thus, fails to establish service was completed properly on this basis.